IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

PHILIP RUSSELL TURNER, and )
JULIA TURNER, )
 )
               Plaintiffs, )
 )
v. ) Case No. 05-3298-CV-S-SWH
 )
ROY BAKER, )
 )
               Defendant. )

## ORDER

Plaintiffs originally filed this negligence action in the Circuit Court of Greene County, Missouri. Defendant removed the action to this Court. (Notice of Removal, Doc. #1) Pending before the Court is plaintiffs' Motion to Remand. (Doc. #3)

### I. FACTUAL BACKGROUND

Based upon the briefs of the parties, the following facts do not appear to be in dispute:

1. On January 2, 2004, plaintiff Philip Russell Turner, a resident of the state of Missouri, and defendant Roy Baker, a resident of the state of Arkansas, were involved in a vehicle collision resulting in injuries to plaintiff Russell Turner. (Petition, Ex. A to Doc. #1)

2. On June 9, 2004, plaintiffs'[1] attorney prepared and sent a "brochure" to Rhonda G. Bearden of Economy Premier Assurance Company, contending the vehicle collision was a result of defendant's negligence. (Doc. #3, Ex. #1) Plaintiffs allege that the brochure was sent to "defendant's agent." The brochure described all of the physical injuries sustained by plaintiff Russell Turner in the collision. It discussed the continued physical limitations of plaintiff Russell Turner as well as the changes in his family life. The brochure stated plaintiff Russell Turner had lost wages in the amount of five to ten thousand dollars, incurred medical expenses in the amount of $45,602.42, to date, and had a property damage claim of $7,000. Plaintiffs' attorney

---

[1]Plaintiff Philip Russell Turner's wife, Julia Turner, is also a plaintiff in this case.

stated in the brochure that he was not making a settlement offer, but advised the value of plaintiffs' claim at that time was over $400,000.00.

3. Plaintiffs' attorney sent another letter to Ms. Bearden on January 19, 2005, offering to accept $1,000,000.00 or the insurance policy limits, whichever was less, to settle the claim. (Doc. #3, Ex. #2)

4. On March 18, 2005, Ms. Bearden sent plaintiffs' attorney a letter offering to settle plaintiffs' claims for $90,000. (Doc. #3, Ex. #3) The letter stated that the offer was based upon a review of the "demand letter of January 19, 2005 along with the police report and witness statements obtained."

5. Plaintiffs rejected the offer to settle by letter dated March 28, 2005. (Doc. #3, Ex. #4)

6. On March 30, 2005, plaintiffs filed a petition in the Circuit Court of Greene County, Missouri. The summons and petition were served on defendant on April 1, 2005. The petition requested "fair and reasonable damages," but no specific dollar amount was set forth. (Doc. #1, Ex. A)

7. Defendant alleges that on June 23, 2005, defendant was served with plaintiffs' answers to interrogatories which made clear that the amount in controversy in the suit exceeded $75,000. (Defendant's Suggestions in Opposition to Plaintiffs' Motion to Remand, doc. # 4, at 2)

8. On July 8, 2005, defendant filed the Notice of Removal in this Court. (Doc. #1)

9. On July 19, 2005, plaintiffs filed their Motion to Remand contending that defendant's removal was untimely. (Doc. #3)

## II. LEGAL DISCUSSION

Plaintiffs allege that defendant's removal of this action was untimely under 28 U.S.C. § 1446(b) because the notice of removal was not filed within thirty days of service of plaintiffs' petition. Defendant responds that he was not aware to a "legal certainty" that the amount in controversy exceeded the jurisdictional amount of $75,000 until he received plaintiffs' answers to defendant's interrogatories on June 23, 2005. (Defendant's Suggestions in Opposition to Plaintiffs' Motion to Remand, doc. #4, at 3) Further, defendant claims that the correspondence between his

2

insurance company and plaintiffs is evidence of settlement negotiations which cannot be considered in determining the amount in controversy. (Id. at 2)

The removal statute is to be narrowly construed and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). 28 U.S.C. § 1446 establishes the procedure for proper removal. Section 1446(b) governs the timing of the removal of a civil action. It provides in pertinent part:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The state court petition in this case alleges that the parties in the action are residents of different states for purposes of diversity jurisdiction. The petition, however, does not state on its face the amount of damages plaintiffs are seeking. (See Fact No. 6, supra) Plaintiffs argue that although the amount of damages is not contained in the state court petition, defendant knew that damages were in excess of $75,000 because of the demand letters exchanged between plaintiffs' counsel and defendant's insurer prior to the filing of the case. Citing Williams v. Safeco Insurance Co. of America, 74 F.Supp.2d 925 (W.D. Mo. 1999), plaintiffs contend that because of defendant's prior knowledge, the thirty-day time limit to effect removal began to run at the time the petition was served on defendant. In Williams, the court found that the thirty-day time limit for filing a notice

3

of removal began to run on the day the petition was filed because the defendant had actual knowledge of the amount in controversy by virtue of demand letters sent by plaintiffs to the defendant before the action was commenced. Id. at 926.

In Williams, the demand letters were between the parties to the lawsuit. In this case, the correspondence, which demonstrates that the amount in controversy exceeded $75,000, was between plaintiffs' counsel and defendant's insurer. Plaintiffs contend that the insurance adjuster, Rhonda Bearden, was acting as the agent of the defendant. (See Fact No. 2, supra) Defendant did not contest this claim. Normally, conveying information to an agent is the same as conveying the information to the principal. Defendant did not argue that any exception to this general rule should be applied in the circumstances of this case. Thus, there would appear to be no significant factual distinctions between this case and Williams.

The burden is on the party asserting federal jurisdiction, in this case the defendant, to demonstrate that removal was proper. See Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The only argument made by defendant against considering the correspondence between plaintiffs' counsel and defendant's insurer is that Rule 408 of the Federal Rules of Evidence precludes the use of evidence relating to settlement negotiations. (Defendant's Suggestions in Opposition to Plaintiff's Motion to Remand, doc. # 4, at 2) The cases cited by defendant involved the introduction of settlement or compromise offers into evidence at trial on liability issues. While Rule 408 of the Federal Rules of Evidence makes evidence of settlement negotiations inadmissible on liability issues, the rule also provides that "[t]his rule ... does not require exclusion [of evidence] when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or

4

prosecution." The Advisory Committee Notes state that the situations mentioned in the rule are "illustrative" and do not foreclose offering compromise evidence for other purposes.

Other courts that have considered the issue have allowed the use of information exchanged in settlement negotiations to determine if the amount in controversy requirement has been satisfied. For example, in Archer v. Kelly, 271 F.Supp.2d 1320 (N.D. Okla. 2003), the court allowed the defendant, over the plaintiff's objection, to use a pre-suit written settlement demand to demonstrate that the amount in controversy exceeded $75,000. See also Vermande v. Hyundai Motor Am., Inc., 352 F.Supp.2d 195, 202 (D. Conn. 2004), and the cases cited therein (finding that "most courts have sensibly concluded that Rule 408 does not prevent them from considering a settlement demand for purposes of assessing the amount in controversy").

The Court declines to follow the analysis of the Fifth Circuit in Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir. 1992), for the reason that the court's rationale is not persuasive. That decision would appear to elevate form over substance and allow a defendant with actual knowledge of the amount in controversy to delay the decision to remove for more than thirty days. This Court believes that the removal decision should be made as soon as practical for purposes of economy and efficiency. Moreover, this holding is consistent with the requirement that the removal statute be construed narrowly.

### III. CONCLUSION

The thirty-day time period for removal of this case began to run on the date the defendant was served with the lawsuit because the defendant was aware at that time that the amount in controversy exceeded $75,000. Therefore, the notice of removal filed on July 8, 2005, was untimely under 28 U.S.C. § 1446(b).

For the reasons discussed herein, it is

ORDERED that plaintiffs' Motion to Remand (doc. #3) is granted, and this case is remanded to the Circuit Court of Greene County, Missouri for all further proceedings.

 */s/ Sarah W. Hays*  
SARAH W. HAYS  
UNITED STATES MAGISTRATE JUDGE

6